| | |
|---|---|
| Joseph Garibay, on behalf of himself and all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>Desperados, LLC, d/b/a Copper Bottom Bar & Grill<br><br>*Defendant.* | Case No:<br><br>**Jury Trial Demanded** |

### CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Joseph Garibay ("Joey"), on behalf of himself and others similarly situated, files this collective against Defendant Desperados, LLC ("Desperados") and states:

### INTRODUCTION

1. This is a wage theft case. Defendant Desperados is in the restaurant business, operating a restaurant called Copper Bottom Bar & Grill and purports to take tip credit; tip credit allows Desperados to pay certain employees less than the minimum wage—but only if Desperados is validly taking tip credit. Here, Defendant's tip credit is invalid because 1) Desperados' management steals tips from its employees and 2) Desperados failed to make the required disclosures before taking tip credit. Desperados therefore should have paid its employees the minimum wage but did not do so and owes Plaintiff and the likely collective members unpaid tips.

2. Plaintiff brings this collective action under the Fair labor Standards Act ("FLSA").

### PARTIES

1

3.     Plaintiff Joseph Garibay is an Illinois resident and was an "employee" under the FLSA, IMWL and IWPCA during the relevant limitations periods.

4.     Defendant, Desperados, LLC is a Wisconsin Corporation with its principal place of business in Wisconsin. Defendant is "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because it has annual gross volume of sales made or business done of at least $500,000; and because it is engaged in interstate commerce or in the production of goods for interstate commerce. Desperados, LLC is the entity on Plaintiff's paystubs.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 for claims arising under the FLSA and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

6.     This Court has personal jurisdiction over Defendant 3505 Clark, Inc. because it conducts business continually within this district.

7.     Venue is proper in this district under 28 U.S.C. § 1391 because the acts and omissions giving rise to this action occurred in this district.

## DESPERADOS' TIP THEFT

8.     During Plaintiff's employment, Desperados required servers to turn over their tips at the end of shifts so that management could control the collection and distribution of those tips.

9.     After collecting employee tips, management exercised control over how those tips were distributed. Rather than distributing the full amount of tips to the employees who earned them, management retained portions of those tips for itself.

2

10. Managers did not perform tipped work and were not entitled to any portion of employee tips. Nevertheless, management routinely removed money from employee tips before distributing the remainder.

11. Plaintiff and his coworkers observed that the amounts distributed by management did not match the tips collected during shifts. When employees compared and recalculated tip totals, they confirmed that portions of the tips were missing.

12. Defendant failed to provide Plaintiff with the required notice of any tip credit, including the amount of the cash wage, the amount of the tip credit claimed, and that tips belonged to the employee except as part of a lawful tip pool. Instead, Defendant affirmatively misrepresented employees' rights under the FLSA by informing them that management was permitted to take a portion of employee tips.

13. Because Defendant failed to provide the required disclosures, any purported tip credit was invalid.

14. As a result, Defendant was required to pay Plaintiff the full minimum wage for all hours worked and to remit all tips to Plaintiff. Defendant did neither.

15. Through these practices, Defendant retained and diverted employee tips and failed to pay lawful wages throughout Plaintiff's employment.

## FLSA COLLECTIVE ALLEGATIONS

16. Plaintiff brings this action on behalf of himself and similarly situated employees. *See* 29 U.S.C. § 216(b). The other similarly situated employees are defined as follows:

17. All hourly employees who worked for Defendant three years prior to the filing of this action through the date of final judgment.

18. Defendant is aware or should have been aware that the FLSA regulations require "full and prompt distribution of tips." *See* 29 C.F.R. § 531.54(b)(2).

3

19. Defendant only distributed a portion of the tips collected.

20. Defendant was therefore not entitled to take tip credit and owes Plaintiff and the FLSA collective unpaid tips and minimum wages.

21. Plaintiff is similarly situated to Defendant's other hourly employees because those employees had their tips unlawfully withheld by Defendant and because Defendant did not make the required tip disclosures to any of its tipped employees.

22. The Court should allow issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit. There are numerous similarly situated current and former hourly employees who worked at Defendant who would benefit from being given an opportunity to opt in to this lawsuit. Similarly situated tipped employees are known to Defendant and are identifiable in Defendant's payroll records.

## COUNT I
### FLSA Failure to Pay Earned Tips
### (On Behalf of Plaintiff and the Collective)

23. Plaintiff realleges and incorporates the foregoing allegations.

24. Plaintiff brings this action as a collective action under Section 16(b) of the FLSA.

25. Plaintiff's consent to act as representative of the FLSA collective is attached as Exhibit A.

26. Defendant was Plaintiff's "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

27. Plaintiff was Defendant's "employee" as defined by the FLSA. 29 U.S.C.§ 203(e)(1).

28. Defendant is an "enterprise" as defined by Section 3(r)(1) of the FLSA. 29 U.S.C.§ 203(r)(1).

4

29. Defendant is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

30. Defendant's annual gross volume of sales made or business done has exceeded $500,000 in each of the last three calendar years.

31. Defendant violated the FLSA by withholding cash tips earned by hourly employees and only distributing a fraction of them inconsistently and sometimes as late as three workweeks after they were earned.

32. Defendant's violations of the FLSA were willful.

**COUNT II**
**Failure to Pay Minimum Wage**
**(On behalf of Plaintiff and the Collective)**

33. Plaintiff realleges and incorporates the foregoing allegations.

34. Plaintiff brings this action as a collective action under Section 16(b) of the FLSA.

35. Defendant was Plaintiff's employer as defined by the FLSA. 29 U.S.C. § 203(d).

36. Plaintiff was Defendant's employee as defined by the FLSA. 29 U.S.C. § 203(e)(1).

37. The FLSA requires covered employers to pay non-exempt employees a minimum wage of $7.25 per hour for all hours worked. 29 U.S.C. § 206(a)(1).

38. The FLSA permits an employer to pay a tipped employee a reduced cash wage only if the employer complies with 29 U.S.C. § 203(m)(2)(A), including providing required notice and allowing employees to retain all tips except as part of a lawful tip pool.

5

39. Defendant did not comply with these requirements. As alleged above, Defendant failed to provide the required notice and permitted management to retain portions of employee tips.

40. Because Defendant did not satisfy the requirements of 29 U.S.C. § 203(m)(2)(A), Defendant was not entitled to take a tip credit and was required to pay Plaintiff and the collective members the full federal minimum wage for all hours worked.

41. Defendant failed to pay Plaintiff and the collective members the full minimum wage for all hours worked.

42. Defendant's violations of the FLSA were willful.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;
b. An award of unpaid wages, including unlawfully retained tips, and damages according to proof, including liquidated damages;
c. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);
d. Designation of Plaintiff as the representative of the collective and appointment of undersigned counsel as counsel for the collective;
e. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);
f. Appropriate equitable and injunctive relief, including but not limited to an order enjoining Defendant's unlawful practices;
g. A reasonable service award for the Named Plaintiff to compensate him for the time he took to recover unpaid wages on behalf of similarly situated employees;
h. Pre and post judgment interest; and
i. Whatever further relief that the Court should consider just and proper.

6

Dated: April 14, 2026

Respectfully Submitted:

*/s Francisco Fernandez del Castillo*
**Francisco Fernandez del Castillo**
DEL CASTILLO LAW GROUP, LLC
11 E. Adams Street, Suite 1401
Chicago, IL 60603
(312) 216-0111
francisco@delcastillolawgroup.com

*Attorney for Plaintiff and the Putative Collective*

7

# Exhibit A

Doc ID: ebccbcd0518c32947d3f21821c2faf04e5d697e2

# Consent for Collective Action

I hereby consent to joining a collective civil action in the United States District Court against Desperados, LLC and related entities and individuals to recover unpaid compensation, additional damages, and costs under the Fair Labor Standards Act and state law and be represented by Del Castillo Law Group and affiliated attorneys for purposes of bringing such action and designate them to make decisions on my behalf concerning litigation and settlement.

Joey Garibay

Name

Signature

04 / 14 / 2026

Doc ID: ebccbcd0518c32947d3f21821c2faf04e5d697e2